IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNIFIED SCHOOL DISTRICT #503,
PARSONS, KANSAS,

          Plaintiff,

    v.                             Case No. 07-2423-GLR

R. E. SMITH CONSTRUCTION CO.,

          Defendant.

## MEMORANDUM AND ORDER

Plaintiff Unified School District #503 brings this breach of contract action against Defendant R. E. Smith Construction Company alleging that Defendant failed to honor warranties on three boilers purchased as part of a contract for a school renovation project. This matter is currently before the Court on Defendant's Motion to Stay Proceedings and Order the Parties to Arbitration (doc. 21). Defendant moves the Court for an order staying the proceedings in the instant case and directing the parties to submit this matter for arbitration. Plaintiff opposes the motion, arguing the contract provision on which Defendant relies to compel arbitration is void and unenforceable, Defendant has failed to meet its burden of establishing that the arbitration provision covers the claims at issue, and Defendant has waived arbitration of the claims. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). As discussed below, Defendant's motion is denied.

## I.      Factual Background

On or about April 19, 2000, Plaintiff entered into a written contract with Defendant for the construction of certain school buildings in Parsons, Kansas.  Under the terms of this contract, Defendant was to provide for boilers within these schools and provide for specific warranties for these boilers.  Plaintiff alleges that three boilers failed in or about February 2007 and October 2007, within the time period of the required warranties; and no warranty was provided by Defendant as required under the contract.

On August 15, 2007, Plaintiff filed a breach of contract action in the District Court of Labette County, Kansas, asserting that Defendant is liable for the replacement costs of the boilers and other damages which should have been covered by the warranty.  Defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(a) on September 6, 2007. Four months later, on January 10, 2008, Plaintiff filed its First Amended Complaint (doc. 18).  Defendant's Answer to Plaintiff's First Amended Complaint, filed on January 29, 2008, did not assert arbitration as an affirmative defense.  On February 7, 2008, Defendant filed the Motion to Stay Proceedings and Order the Parties to Arbitration presently pending before the Court.

## II.     Arbitration Provision at Issue

The contract executed by Plaintiff and Defendant is entitled "Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum." This document is a form agreement created by the American Institute of Architects and is

referred to by the parties as "AIA Document A101-1997."  The Court will refer to this document as the "Owner-Contractor Agreement."

The Owner-Contractor Agreement contains the essential information of the parties' agreement but itself contains no arbitration provision.  The Owner-Contractor Agreement does, however, adopt certain other documents by reference and incorporation.  Specifically, the right margin of the first page of the Owner-Contractor Agreement provides that "AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference."   Article 1 of the Owner-Contractor Agreement likewise provides that "[t]he Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary, and other Conditions) . . ."   Article 8, Section 8.1.2 of the Owner-Contractor Agreement further specifies that "[t]he General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997" (hereinafter referred to as the "General Conditions").

The General Conditions contain an arbitration provision.  Specifically, Section 4.6.1 of the General Conditions provides that:

> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4, and 9.10.5 shall, after decision by the Architect or 30 days after submission of the claim to the architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.

Defendant seeks to stay the present action and compel arbitration pursuant to this provision of the General Conditions, as incorporated by the Owner-Contractor Agreement.

### III.   Standard for Ruling on a Motion to Compel Arbitration

The United States Supreme Court has set forth a strong federal policy favoring arbitration for dispute resolution, which "requires a liberal reading of arbitration agreements."[1] This means that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.[2] Notwithstanding this strong federal policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[3] As with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability.[4] The question of whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.[5]

The party moving to compel arbitration bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration.[6] Thus, the moving party must present evidence

---

[1]*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n. 27 (1983).

[2]*Id.* at 24-25; *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995) (All doubts are to be resolved in favor of arbitrability).

[3]*AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986).

[4]*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

[5]*AT & T Techs.,* 475 U.S. at 649.

[6]*SmartText Corp. v. Interland, Inc.,* 296 F. Supp. 2d 1257, 1262-63 (D. Kan. 2003); *Phox v. Atriums Mgmt. Co., Inc.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002).

which is sufficient to demonstrate an enforceable agreement to arbitrate.[7]  In the context of a motion to compel arbitration, this requires the moving party to present evidence sufficient to demonstrate an enforceable agreement to arbitrate.[8]

Once the moving party has done this, the burden shifts to the party opposing arbitration to demonstrate a genuine issue of material fact as to the making of the agreement to arbitrate.[9] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[10]

## IV.   Discussion and Analysis

### A.     Whether the arbitration provision is void and unenforceable

Plaintiff opposes the motion to stay and compel arbitration on the grounds that it does not have the statutory authority to bind itself to the decision of an arbitrator and therefore any such contractual provision is void.  It argues that as a creation of the state legislature, it has only such power and authority as is granted by the legislature and its power to contract is only such as is conferred either expressly or by necessary implication.  It therefore does not have the authority to consent, by contract, to the jurisdiction of any entity other than a court of the State of Kansas and any contractual term purporting to do otherwise, such as a provision

---

[7]*Phox,* 230 F. Supp. 2d at 1282 (citing *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995)).

[8]*SmartText*, 296 F. Supp. 2d at 1263.

[9]*Id.* (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003), *Oppenheimer,* 56 F.3d at 358).

[10]*Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

consenting to jurisdiction of an arbitrator, is contrary to the public policy of the State of Kansas and therefore void and unenforceable.

Defendant argues that Plaintiff's conclusion that it had no authority to bind itself to the decision of an arbitrator is flawed. It cites the Kansas Uniform Arbitration Act[11] as the statutory authority for Plaintiff to bind itself to the decision of an arbitrator. It also cites the Kansas Supreme Court decision in *Evans Electrical Construction Co. v. University of Kansas Medical Center*,[12] for the proposition that the legislature's adoption of the Uniform Arbitration Act, with no exemption for the State or its political subdivisions, indicates that state agencies can enter into a valid agreement for arbitration as part of a construction contract. It argues that absent a state statute to the contrary, Plaintiff school district had the authority to enter into the arbitration agreement contained in the contract it drafted. Defendant further contends that K.S.A. 75-3741(b)(4), which prohibits provisions authorizing arbitration in construction contracts for state agency buildings, does not apply in this case because the contract at issue does not involve a state agency.

The Court, having duly considered both parties' positions, holds that Plaintiff, absent any statutory prohibition, had the authority to enter into the arbitration provision set forth in the parties' contract by necessary implication. School districts, as creations of the state legislature, have only such power and authority as granted by the legislature and the district's

---

[11]K.S.A. § 5-401 *et seq.*

[12]230 Kan 298, 634 P.2d 1079 (1981).

power to contract is only such as is conferred either expressly or by necessary implication.[13]

Implied powers are those which are "necessary for the effective exercise and discharge of the

powers and duties expressly con[f]erred and imposed."[14]  Any attempt by a school district to

enter into a contract or formulate a policy that violates or exceeds state law is ultra vires and

void.[15]

A general grant of authority to execute contracts is conferred upon unified school

districts through K.S.A. 72-8201. "Each unified district . . . may sue and be sued, execute

contracts and hold such real and personal property as it may acquire. Every unified school

district shall possess the usual powers of a corporation for public purposes."[16]

The Court determines that a school district's authority to execute contracts, as

conferred by K.S.A. 72-8201, necessarily implies with that authority the ability to bargain for

and negotiate the necessary terms and conditions of the contract.  Those negotiated terms and

conditions may include a provision for the dispute to be subject to arbitration, unless a specific

---

[13]*Miller v.  Bd. of Educ., Unified Sch. Dist. No. 470, Cowley County*, 12 Kan. App. 2d
368, 372, 744 P.2d 865, 868 (1987); *Gragg v. Unified Sch. Dist. No. 287,* 6 Kan. App. 2d
152, 155, 627 P.2d 335, 338 (1981).

[14]*See Rose v. Bd. of Dirs. of Sch. Dist. No. 94 of Miami County, Kan.*, 162 Kan. 720,
723-24, 179 P.2d 181, 184 (1947) ("When, by statute, official powers and duties are
conferred or imposed upon a public officer or official board, the only implied powers
possessed by such officer or board are those which are necessary for the effective exercise
and discharge of the powers and duties expressly con[f]erred and imposed.").

[15]*Burk v. Unified Sch. Dist. No. 329, Wabaunsee County*, 646 F. Supp. 1557, 1564 (D.
Kan. 1986); *Gragg*, 6 Kan. App. 2d at 155, 627 P.2d at 338.

[16]K.S.A. 72-8201

state statute prohibits school districts from adopting contracts with provisions authorizing arbitration of disputes, such as the prohibitions against arbitration agreements contained in K.S.A. 75-3741(b)(4) and K.S.A. 5-401(c).  The Court does not find either of the cited statutes, which contain prohibitions against arbitration, to apply in the present case.  K.S.A. 75-3741(b)(4) prohibits provisions authorizing arbitration in construction contracts for state agency buildings and so does not apply to Plaintiff school district as a municipal corporation. The Court further finds that none of the exceptions set forth in K.S.A. 5-401(c), i.e., for contracts of insurance, contracts between employer and employees, and contract provisions providing for arbitration of a claim in tort, apply in this breach of contract case.

In sum, the Court holds that Plaintiff's statutory authority to execute contracts, conferred by K.S.A. 72-8201, necessarily includes the authority to negotiate and be bound by contract provisions subjecting disputes to arbitration.

**B.     Whether the arbitration provision includes the claims presented by Plaintiff in this action**

Plaintiff next argues that the arbitration provision cited by Defendant does not include the claims presented in this lawsuit.  It argues that the mere fact that an arbitration provision appears in the contract between the parties does not necessarily mean that the provision covers all disputes between the parties.  Plaintiff points out that only a small portion of the actual contract between the parties, and not even all of Paragraph 4.6 of the General Conditions, has been provided to the Court with Defendant's motion.  Similarly, the Construction Industry Arbitration Rules of the American Arbitration Association referenced in Paragraph 4.6 have

not been provided to the Court, nor were they identified or produced in connection with Defendant's initial disclosures under Fed. R. Civ. P. 26.  As Defendant bears the burden of demonstrating to the Court that arbitration should be ordered, this burden has not been met on the record submitted. In particular, it is clear from what little has been submitted to the Court that arbitration is not required in all disputes under the contract and, based on the record before it, there is no basis for the Court to conclude that the arbitration provision relied on by Defendant encompasses Plaintiff's claims in this litigation.

The arbitration provision at issue in this case provides that:

> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4, and 9.10.5 shall, after decision by the Architect or 30 days after submission of the claim to the architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.

Subparagraph 4.3.10, to which the arbitration agreement refers, permits the contractor and owner to waive claims against each other for consequential damages arising out of or relating to the contract.  Subparagraph 9.10.4 provides that the making of final payment shall constitute a waiver of claims by owner, except those arising from liens, claims, security interests or encumbrances arising out of the contract and unsettled; failure of the work to comply with the requirements of the contract documents; or terms of special warranties required by the contract documents.  Subparagraph 9.10.5 provides that acceptance of final payment by the contractor, subcontractor, or material supplier shall constitute a waiver of

claims by that payee, except those previously made in writing and identified by that payee as unsettled at the time of final application for payment.

Subparagraph 4.5.1, to which the arbitration provision further refers, sets forth the provision for mediation.  It provides:

> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4, and 9.10.5 shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

Thus, in order for the parties' arbitration provision to apply to Plaintiff's claim, Defendant must show the following: (1) Plaintiff's claim arises out of or is related to the Contract; (2) the claim does not fall within any of the listed exceptions; (3) the claim was submitted to the Architect; and (4) the parties participated in mediation.

The Court finds that Defendant, as the moving party, has failed to meet its burden to establish that the arbitration provision contained in the General Conditions applies to Plaintiff's claim asserted in this case.  Defendant filed an one-page Motion to Stay Proceedings and Order the Parties to Arbitration.  It attached to its one-page motion the Owner-Contractor Agreement and one-page of the General Conditions, the page that contains the arbitration clause but none of the other subparagraphs to which the arbitration clause refers.  In their reply brief, Defendant attaches four more pages of the General Conditions and provides some general explanation of the three referenced exceptions noted in the arbitration clause.  It further broadly asserts that Plaintiff's "claim is certainly within the realm of 'any

claim arising out of or related to the Contract' and is not within one of the exceptions contained in the clause."

Even with the strong presumption favoring arbitration, the Court cannot find from this sketchy showing that Plaintiff's claims are subject to arbitration.  First, there is no mention whether Plaintiff's claims were submitted to the Architect, which is required by the arbitration provision.  The plain language of the provision provides that covered claims shall be subject to arbitration, but only after decision by the architect or 30 days after submission of the claim to the architect.  While this step may have already been accomplished, Defendant has not shown that Plaintiff's claim has been submitted to the architect and a decision rendered or that 30 days has passed after submission of the claim.

Defendant also has failed to establish that any of the exceptions set forth in the arbitration provision apply to Plaintiff's claim.  Subparagraph 9.10.4 excepts claims arising from the terms of special warranties required by the contract documents.  The Court cannot conclude that this exception is not applicable to Plaintiff's claim that Defendant breached the contract by failing to honor warranties on three boilers.

Based on Defendant's failure to establish that Plaintiff's claims are subject to arbitration under the parties' arbitration provision, the Court denies the motion to stay and compel arbitration.

### C.      Whether Defendant has waived arbitration of the claims presented

Plaintiff's final argument in opposition to the motion to stay and compel arbitration is that Defendant has waived its right to arbitrate this dispute because it never invoked

arbitration prior to the commencement of this litigation and failed to request arbitration after this lawsuit was filed and removed.  It contends that Defendant has waived its right to arbitration based upon its failure to raise the issue of arbitration in a timely manner.

When a contract mandates arbitration, federal courts generally enforce the arbitration clause absent a waiver.[17]  Due to strong state and federal policies favoring arbitration, a party asserting a waiver of arbitration has a heavy burden of proof.[18]  A waiver of arbitration rights requires an unequivocal demonstration of intent to waive.[19]  In determining whether the right to arbitration has been waived, the Tenth Circuit examines several factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate;
> (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate;
> (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;
> (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;
> (5) whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration) had taken place; and
> (6) whether the delay affected, misled, or prejudiced the opposing party.[20]

---

[17]*Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 465-66 (10th Cir. 1988).

[18]*Peterson,* 849 F.2d at 466; *Robinson v. Food Serv. of Belton, Inc.*, Civ. A. No. 04-2321-JWL, 2005 WL 1799212, at *2 (D. Kan. July 11, 2005).

[19]*Robinson,* 2005 WL 1799212, at *2.

[20]*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994).

Whether a waiver has occurred depends upon the facts of the particular case.[21]

Under the first factor, the Court examines whether Defendant's actions are inconsistent with the right to arbitrate.  The Court finds that Defendant's actions prior to the filing of its motion to stay and compel arbitration have been inconsistent with the assertion of any right to arbitrate the claims.  Defendant removed the action to federal court, filed an answer, participated in the parties' Fed. R. Civ. P. 26(f) planning conference, participated in a scheduling conference with the Court, and filed another answer to Plaintiff's amended complaint, before it filed its motion to stay case and compel arbitration.  This factor weighs in favor of a finding that Defendant waived any contractual right to arbitration.

With regard to the second factor, i.e., whether the litigation machinery had already been substantially invoked, the parties had already participated in their Rule 26(f) planning conference and provided their Report of Parties' Planning Meeting to the Court.  The Court then held a scheduling conference where Defendant agreed to ADR in the form of mediation to be completed before February 20, 2008.  It was only after Plaintiff filed its Amended Complaint and served its Fed. R. Civ. P. 26(a)(1) disclosures that Defendant filed its motion to stay and compel arbitration.  Under these facts, this factor tends to support a finding of waiver.

Addressing the third factor, the Court considers whether a party either requested arbitration close to the trial date or delayed for a long period before seeking a stay.  Plaintiff

---

[21]*Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980).

filed its action in state court on August 15, 2007, and the case was removed to this Court on September 6, 2007.  The Scheduling Conference was held on December 7, 2007.  Defendant filed its Motion to Stay and Compel Arbitration on February 7, 2008, nearly five months after the case was removed and two months after the Scheduling Conference.  The motion was filed approximately nine months before the scheduled trial setting.  Based on these circumstances, the Court finds this factor a close call.

The fourth and fifth factors are not applicable in this case.

The sixth factor asks whether a delay affected, misled, or prejudiced the opposing party.  The Court finds that Plaintiff has suffered prejudice from Defendant's delay in raising the issue of arbitration.  Plaintiff was well into the prosecution of this case, having proceeded through the parties' planning conference, a Scheduling Conference, amending its complaint, and serving its initial discovery disclosures before Defendant filed its motion to stay the case and compel arbitration.  The Court therefore finds that this factor weighs in favor of finding that Defendant waived its right to arbitration.

This Court has previously addressed waiver of the right to arbitrate in *Consolidated Brokers Insurance Services, Inc. v. Pan-American Assurance. Co., Inc.*[22]  In *Consolidated*, this Court held that the party moving to compel arbitration had not waived the right to arbitrate by waiting nearly eight months to affirmatively assert a right to arbitration.  *Consolidated* is distinguishable, however, from the facts of this case in that no discovery had occurred and the

---

[22]427 F. Supp. 2d 1074, 1078-80 (D. Kan. 2006).

delay was due to disruptions from a hurricane at the defendants' New Orleans headquarters, circumstances beyond the moving party's control.

In conclusion, the Court finds the factors on balance weigh in favor of a finding that Defendant has waived its right to arbitration.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Stay Proceedings and Order the Parties to Arbitration (doc. 21) is denied, as set forth herein.

Dated this 21st day of May, 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

-15-